UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br>            Plaintiff,<br><br>    v.<br><br>**GEORGE STUBOS,**<br>            Defendant,<br>and<br><br>**DORI-ANN STUBOS,**<br>            Relief Defendant. | Civil Action No. 22-cv-4674-LJL |

**[~~PROPOSED~~]**
**STIPULATION AND ORDER FOR ENTRY OF**
**PRELIMINARY INJUNCTION FREEZING ASSETS**

Plaintiff Securities and Exchange Commission ("the Commission"), defendant George Stubos and relief defendant Dori-Ann Stubos (collectively the "Stuboses") hereby agree and stipulate as follows:

1.      On June 6, 2022, the Commission filed an emergency *ex parte* motion for an order to show cause and a temporary restraining order freezing and repatriating assets belonging to the Stuboses. *See* Dkt. No. 3. The Commission's motion was supported by the Complaint (Dkt. No. 1), the Commission's memoranda of law (Dkt. No. 4), the Declaration of Trevor Donelan and the accompanying evidentiary materials (Dkt. Nos. 5 – 5-9) and the Declaration of Kathleen Shields (Dkt. No. 3-1).

2.      The Court issued an Order to Show Cause and Temporary Restraining Order Freezing and Repatriating Assets on June 6, 2022 (the "TRO"). *See* Dkt. No. 17. The TRO and its supporting papers, as well as the Complaint and Summons, were served on the Stuboses by

email on June 6, 2022 and by overnight delivery, which they received on June 8, 2022. *See* Dkt. Nos. 20, 21.

3. In the TRO, the Court ordered that the Stuboses' responses to the TRO should be filed by the earlier of June 14, 2022 or one week after the Stuboses were served with the TRO. At the request of the Stuboses, the Court extended the deadline for responses until June 21, 2022 and then extended the term of the TRO on the agreement of the parties until July 5, 2022. *See* Dkt. Nos. 32, 36.

4. This Stipulation supersedes the TRO as to the Stuboses and by this Stipulation, the parties have agreed to freeze the assets specified herein on the terms herein, and that the asset freeze will be lifted as to all other assets of the Stuboses.

5. In order to obviate the need for a hearing on the Commission's motion, and based on the submissions made by the Commission in support of its motion, the parties hereby stipulate, and the Court orders, as follows:

I.

**IT IS HEREBY ORDERED** that:

A. The Stuboses, and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain the certain real property and financial institution accounts of the Stuboses listed below (the "Assets") (including to the extent that the Assets are held jointly with another person or entity, are held for the Stuboses' direct or indirect benefit, or are held under the Stuboses' direct or indirect control), and shall prevent any sale, transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in

value of the Assets, which are hereby frozen, except as specified below.  The Stuboses are also prohibited from using any of the Assets as additional collateral in any form, including, but not limited to, arranging for a home equity line of credit.

| Asset Description | Owner(s) |
| --- | --- |
| A residential property in Palm Springs, California [redacted] – redacted for public filing] | Dori-Ann Stubos |
| A residential property in Vancouver, British Columbia [redacted] - redacted for public filing] | Dori-Ann Stubos |
| A multifamily rental property in Vancouver, British Columbia [redacted] – redacted for public filing] | Dori-Ann Stubos |
| Canaccord Genuity Corp. account number ending 92A3 | George Stubos |
| Canaccord Genuity Corp. account number ending 92G1 | George Stubos |
| Canaccord Genuity Corp. account number ending 92V2 | George Stubos |
| Canaccord Genuity Corp. account number ending 9252 | George Stubos |
| Canaccord Genuity Corp. account number ending 59A4 | George Stubos |
| Canaccord Genuity Corp. account number ending 35V1 | George Stubos |
| Canaccord Genuity Corp. account number ending 04A1 | Stubos Capital Inc. |
| Canaccord Genuity Corp. account number ending 04B1 | Stubos Capital Inc. |
| Canaccord Genuity Corp. account number ending 04E1 | Stubos Capital Inc. |
| Canaccord Genuity Corp. account number ending 04G1 | Stubos Capital Inc. |
| Canaccord Genuity Corp. account number ending 6AE1 | George Stubos |
| Canaccord Genuity Corp. account number ending 6AF1 | George Stubos |

| | |
|---|---|
| Canaccord Genuity Corp. account number ending 6AV1 | George Stubos |
| Canaccord Genuity Corp. account number ending 6AV2 | George Stubos |
| Canaccord Genuity Corp. account number ending 7AE1 | Dori-Ann Stubos |
| Canaccord Genuity Corp. account number ending 7AF1 | Dori-Ann Stubos |
| Canaccord Genuity Corp. account number ending 7AV1 | Dori-Ann Stubos |
| Canaccord Genuity Corp. account number ending 7AV2 | Dori-Ann Stubos |
| Canaccord Genuity Corp. account number ending 69A8 | Dori-Ann Stubos |
| Canaccord Genuity Corp. account number ending 69V2 | Dori-Ann Stubos |
| Canaccord Genuity Corp. account number ending 34V1 | Dori-Ann Stubos |
| Canaccord Genuity Corp. account number ending 23A0 | Dori-Ann Stubos |
| Canadian Imperial Bank of Commerce account number ending 1015 | Stubos Capital Inc. |
| Canadian Imperial Bank of Commerce account number ending 4417 | Stubos Capital Inc. |

B.   Except as permitted in Paragraphs I.D and I.E below, the banks, brokerage, and other financial institutions listed in Paragraph I.A that receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding funds or assets in the accounts listed in the table above for the direct or indirect benefit, or under the direct or indirect control of the Stuboses or over which the Stuboses exercise actual or apparent investment or other authority, in whatever form such assets may presently exist, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and

assets are hereby frozen.  For the avoidance of doubt, the accounts that are subject to this freeze are only those listed in the table above along with the real property that is also listed in the table above.  The freeze does not extend to lines of credit or other accounts that may be held by or on behalf of either George Stubos or Dori-Ann Stubos at the financial institutions listed in Paragraph I.A.

        C.       The Stuboses, and their agents or contractors, may engage in business or personal activities on the real property Assets, including, but not limited to, renting or leasing properties, and may engage in financial transactions, including, but not limited to, the collection of rental income and revenue from the use of those real properties, payment of taxes, mortgages, employees and vendors, in furtherance of such activities (the "Permitted Activities").  For the avoidance of doubt, the income generated from the Permitted Activities is not subject to this Order.  The Stuboses shall use the income generated from the Permitted Activities to maintain the real property Assets in an appropriate manner, including by paying all mortgages on those Assets, paying all taxes on those Assets when due, and performing all necessary routine maintenance.

        D.       With respect to the Assets that are Canaccord Genuity Corp. accounts or Canadian Imperial Bank of Commerce accounts, the Stuboses are permitted to sell all securities held in those accounts so long as the proceeds of any such sales are retained and frozen in those accounts.

        E.       George Stubos is permitted to spend $100,000 for attorney's fees from his Canaccord Genuity account ending in 6AV1.  Dori-Ann Stubos is permitted to spend $40,000 for attorney's fees from her Canaccord Genuity account ending in 7AE1.  These carve-outs for

attorney's fees are intended to cover the time period for the next six months and may be revisited after that time.

  F. The above Paragraphs I.A and I.B shall immediately cease to apply to any Assets located within the United States, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any asset to the United States government.

  G. This Stipulation does not constitute a waiver on the part of George Stubos or Dori-Ann Stubos of any challenge they may make to the recoverability of any of the assets subject to this Stipulation, nor does it waive the right of either George Stubos or Dori-Ann Stubos to raise any other arguments or defenses in this case, including arguments contesting personal jurisdiction.

## II.

  **IT IS HEREBY FURTHER ORDERED** that service of this Order may be made by facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of the Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure.

## III.

  **IT IS HEREBY FURTHER ORDERED** that this Order is entered without prejudice to any party's right to present any evidence or argument to the Court and to seek any modification

of or relief from any part of this Order. Unless otherwise ordered by the Court, this Order shall remain in effect until entry of a Final Judgment or other final disposition of this action.

_____
UNITED STATES DISTRICT JUDGE

Dated: June 28, 2022
       New York, NY