Case 1:22-cv-04674-LJL   Document 49   Filed 09/30/22   Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
SECURITIES AND EXCHANGE COMMISSION,  :
:
                           Plaintiff, :
:     22-cv-4674 (LJL)
      -v- :
:     ORDER
STUBOS et al, :
:
                          Defendants. :
:
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/30/2022

LEWIS J. LIMAN, United States District Judge:

    Defendant George Stubos and Relief Defendant Dori-Ann Stubos move for a stay of the case pending a decision of the Second Circuit in *SEC v. Ahmed*, Nos. 21-1686(L), 21-1712(CON), which has been scheduled for argument in January of 2023. Dkt. No. 42. At the initial pretrial conference today, the Court orally denied the motion for a stay. This order sets forth the Court's reasoning.

    Upon a showing of "good cause," a court may grant a motion to stay discovery pending decision on a motion to dismiss. *See* Fed. R. Civ. P. 16(b)(4) (providing that discovery schedule "may be modified only for good cause and with the judge's consent"). "Courts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Hong Leong Finance Limited (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. May 22, 2013) (alteration in original) (quoting *Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)).

    A growing list of courts which have analyzed the language of the extension of the statute of limitations in the National Defense Authorization Act for Fiscal Year 2021 have held that it is retroactive. *SEC v. Sharp,* 2022 WL 4085676, at *11–13 (D. Mass. Sept. 6, 2022) (citing cases).

Even if the Court were to conclude that one or more of the claims for relief was time-barred, the Court is unlikely to conclude that every claim for relief and the action as a whole is untimely. The strength of the motion does not support a stay. The complaint alleges conduct dating back to 2012 and continuing to April 2015. The concerns to which a statute of limitations is addressed—those of fading memories and the loss of evidence—would only be aggravated by an indefinite stay until the Second Circuit has decided a case that is not even scheduled for argument for several months. The prejudice to the Securities and Exchange Commission ("SEC"), and to the public on whose behalf it is presumably acting, would be further aggravated if—as a result of a stay—the Court could not consider the request that the Defendant be enjoined from violating the federal securities laws. Those facts also weigh against a stay. As to the breadth of discovery, the initial burden in this case will be on the SEC. It will have to produce its lengthy investigative file (save for documents protected by privilege) as well as relevant and requested portions of the file with respect to the larger investigation. The Court has approved an extended case management plan. There is no reason to believe that the Defendants will be deposed soon or that discovery of them will be extensive or burdensome. In the unexpected event that the SEC serves overbroad requests for discovery on the Stubos's, the Federal Rules of Civil Procedure provide a remedy short of a stay. *See* Fed. R. Civ. P. 26(c). The fact that the SEC will produce a large amount of documents or that the Stubos's may decide to request even more documents does not itself justify a stay.

Accordingly, the motion for a stay is denied. The Court will take the motion to dismiss the complaint under advisement.

SO ORDERED.

Dated: September 30, 2022
New York, New York

_____
LEWIS J. LIMAN
United States District Judge