UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br>Plaintiff,<br>v.<br>**GEORGE STUBOS,**<br>Defendant,<br>and<br>**DORI-ANN STUBOS,**<br>Relief Defendant. | Civil Action No. 22-cv-4674-LJL |

**FINAL JUDGMENT AS TO DEFENDANT GEORGE STUBOS**

The Securities and Exchange Commission having filed a Complaint and Defendant George Stubos ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph XI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 9(a) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78i(a)] by directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce, or of any facility of any national securities exchange: (1) for the purpose of creating a false or misleading appearance of active trading in any security other than a government security, or a false or misleading appearance with respect to the market for any such security, (A) to effect any transaction in such security which involves no change in the beneficial ownership thereof, or (B) to enter an order or orders for the purchase of such security with the knowledge that an order or orders of substantially the same size, at substantially the same time, and at substantially the same price, for the sale of any such security, has been or will be entered by or for the same or different parties, or (C) to enter any order or orders for the sale of any such security with the knowledge that an order or orders of substantially the same size, at substantially the same time, and at substantially the same price, for the purchase of such security, has been or will be entered by or for the same or different parties; or (2) to effect, alone or with one or more other persons, a series of transactions in any security registered on a national securities exchange, any security not so registered, or in connection with

any security-based swap or security-based swap agreement with respect to such security creating actual or apparent trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED, pursuant to Section 21(d)(1), (5) of the Exchange Act [15 U.S.C. §78u(d)(1), (5)], that Defendant is permanently restrained and enjoined from directly or indirectly, including but not limited to, through an entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security; provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities listed on a national securities exchange for his own personal account, or from taking such steps as are necessary to timely liquidate any existing positions that

he (or an entity owned or controlled by him) hold in any security as of the date of entry of this Final Judgment.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $5,367,926, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $806,108, for a total of $6,174,034.  Defendant shall satisfy this obligation by paying $6,174,034 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph VII below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; George Stubos as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. §1961.

The Commission shall hold the funds (collectively, the "Fund") until further order of this Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay the total of disgorgement and prejudgment interest due of $6,174,034 in four installments to the Commission according to the schedule set forth in this paragraph: (1) at least $250,000 shall be paid within 30 days of entry of this Final Judgment from the proceeds of the Canaccord Genuity Corp. accounts described in paragraph VIII below; (2) whatever balance remains between the money already paid pursuant to subparagraph (1) and $500,000 shall be paid within 60 days of entry of this Final Judgment; (3) an additional $2,500,000 shall be paid within 275 days of entry of this Final Judgment; and (4) the balance shall be paid within 700 days of entry of this Final Judgment. Defendant shall make the third installment payment by effecting the sale of real estate that Relief Defendant Dori-Ann Stubos owns that is located at █████████████████████████, California, or by otherwise paying the amount due.

Defendant shall work with Relief Defendant to make reasonably diligent efforts to sell the Palm Springs property, including by marketing it for sale on commercially reasonable terms through a registered real estate broker.  For the avoidance of doubt, if the amount due in the third installment is otherwise paid on or before the date it is due, the above-referenced real estate does not have to be sold.

Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. §1961 on any unpaid amounts due after 30 days of the entry of this Final Judgment.  Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that within 10 days after being served with a copy of this Final Judgment, Canaccord Genuity Corp. shall transfer to the Commission the entire balance of the following bank or brokerage accounts which were frozen pursuant to the Preliminary Injunction:

| Account Owner | Acct. Ending in: |
|---|---|
| George Stubos | ***92A3 |
| George Stubos | ***92G1 |
| George Stubos | ***92V2 |

| | |
|---|---|
| George Stubos | ***9252 |
| George Stubos | ***59A4 |
| George Stubos | ***35V1 |
| Stubos Capital Inc. | ***04A1 |
| Stubos Capital Inc. | ***04B1 |
| Stubos Capital Inc. | ***04E1 |
| Stubos Capital Inc. | ***04G1 |
| George Stubos | ***6AE1 |
| George Stubos | ***6AF1 |
| George Stubos | ***6AV1 |
| George Stubos | ***6AV2 |

Canaccord Genuity Corp. may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Canaccord Genuity Corp. also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the asset freeze previously imposed by this Court's order on the following accounts at Canadian Imperial Bank of Commerce shall be lifted because those accounts were closed by Canadian Imperial

Bank of Commerce.

| Account Owner | Acct. Ending in: |
|---|---|
| Stubos Capital Inc. | ***1015 |
| Stubos Capital Inc. | ***4417 |

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: September 8, 2023

_____
UNITED STATES DISTRICT JUDGE