UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** <br> Plaintiff, <br> v. <br> **GEORGE STUBOS,** <br> Defendant, <br> **and** <br> **DORI-ANN STUBOS,** <br> Relief Defendant. | **Civil Action No. 22-cv-4674-LJL** |

**FINAL JUDGMENT AS TO RELIEF DEFENDANT DORI-ANN STUBOS**

The Securities and Exchange Commission having filed a Complaint and Relief Defendant Dori-Ann Stubos ("Relief Defendant") having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in Section III); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, of the $6,174,034 payable by Defendant George Stubos to the Commission under the Final Judgment as to Defendant George Stubos (ECF No. 69) (the "George Stubos Judgment"), Relief Defendant is jointly and severally liable for $2,308,108, representing disgorgement of $1,775,000 in benefits gained as a result of conduct as alleged in the Complaint, together with prejudgment interest thereon in the amount of $533,108. No later than June 10, 2024 (*i.e.*, within 275 days after entry

1

of the George Stubos Judgment), Relief Defendant, joint-and-severally with George Stubos

under paragraph VII(3) of the George Stubos Judgment, shall effect payment to the Commission

totaling $2,308,108 in disgorgement and prejudgment interest.  Payments shall be deemed made

on the date they are received by the Commission and shall be applied first to post judgment

interest, if any, which shall begin to accrue pursuant to 28 U.S.C. §1961 on any unpaid amounts

due beginning 30 days after entry of this Final Judgment.  Prior to making final payment in full

satisfaction of the Final Judgment, Relief Defendant shall contact the staff of the Commission to

obtain the Commission's calculation of post-judgment interest, if any, to determine the total

amount then due to satisfy this Final Judgment in full.

Relief Defendant may transmit payment electronically to the Commission, which will

provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made

directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Relief Defendant may also pay by certified check,

bank cashier's check, or United States postal money order payable to the Securities and

Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Dori-Ann Stubos as a relief defendant in this action; and specifying that payment is

made pursuant to this Final Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of payment and

case identifying information to the Commission's counsel in this action.  By making this

payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such

funds and no part of the funds shall be returned to Relief Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time following a breach of the provisions of this Final Judgment.

The Commission shall hold the funds (collectively, the "Fund") until further order of this Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Relief Defendant Dori-Ann Stubos, attached hereto as Exhibit 1, is incorporated with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Relief Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant George Stubos of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Stipulation and Order for Entry of Preliminary Injunction Freezing Assets (ECF No. 41) (the "Preliminary Injunction") is hereby fully vacated as to: (i) that certain real property listed as the first item under the heading "Asset Description" in the table beginning on the third page of the Preliminary Injunction; and (ii) all accounts with Canaccord Genuity Corp. owned by Dori-Ann Stubos (*i.e.*, those accounts identified at page 4 of the Preliminary Injunction with account numbers ending in 7AE1, 7AF1, 7AV1, 7AV2, 69A8, 69V2, 34V1, and 23A0).  The Preliminary Injunction shall remain in effect as to the properties in Vancouver, British Columbia, listed as the second and third items under the heading "Asset Description" in the table beginning on the third page of the Preliminary Injunction, until all amounts due to plaintiff under the George Stubos Judgment have been satisfied, after which the parties shall notify the Court of such satisfaction and the Preliminary Injunction shall thereafter be fully vacated in all respects, including as to the Vancouver properties.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  April 12, 2024

_____
UNITED STATES DISTRICT JUDGE

EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | Civil Action No. 22-cv-4674-LJL |
| **v.** | |
| **GEORGE STUBOS,** | |
| **Defendant,** | |
| **and** | |
| **DORI-ANN STUBOS,** | |
| **Relief Defendant.** | |

### CONSENT OF RELIEF DEFENDANT DORI-ANN STUBOS

1.      Relief Defendant Dori-Ann Stubos ("Relief Defendant") acknowledges having been served with the complaint in this action and, for the limited purpose of this action, consents to the Court's jurisdiction over Relief Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 15 and except as to subject matter jurisdiction, which Relief Defendant admits), Relief Defendant hereby consents to the entry of the Final Judgment as to Relief Defendant Dori-Ann Stubos (the "Final Judgment"), attached hereto and incorporated by reference herein.

3.      Pursuant to Section I of the Final Judgment, no later than June 10, 2024, (*i.e.*, within 275 days after entry of the Final Judgment as to Defendant George Stubos (ECF No. 69) (the "George Stubos Judgment")), Relief Defendant, joint-and-severally with George Stubos under Section VII(3) of the George Stubos Judgment, shall effect payment to the Commission totaling $2,308,108 in disgorgement and prejudgment interest (the "Stubos

1

Settlement Amount") by: (i) liquidating that certain real property listed as the first item under the heading "Asset Description" in the table beginning on the third page of the Stipulation and Order for Entry of Preliminary Injunction Freezing Assets (ECF No. 41) (the "Preliminary Injunction") (the "Settlement Property"); or (ii) otherwise paying the foregoing amount to the Commission. For avoidance of doubt, if the Stubos Settlement Amount is not paid to the Commission in accordance with the schedule set forth in Section I of the Final Judgment, all outstanding amounts due under the Final Judgment shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

4.      As reflected in Section I of the Final Judgment, payments thereunder shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, if any, which shall begin to accrue pursuant to 28 U.S.C. §1961 on any unpaid amounts due beginning 30 days after entry of the Final Judgment. Prior to making final payment in full satisfaction of the Final Judgment, Relief Defendant shall contact the staff of the Commission to obtain the Commission's calculation of post-judgment interest, if any, to determine the total amount then due to satisfy the Final Judgment in full.

5.      To secure the liability of Relief Defendant under Section I of the Final Judgment, Relief Defendant has executed a deed of trust in favor of the SEC on the Settlement Property in the amount of $2,308,108 ("Deed of Trust") and deed of trust agreement in forms acceptable to the Commission. Further, Relief Defendant has represented to the SEC that the Deed of Trust is the only encumbrance on the Settlement Property. The Deed of Trust, which is currently held in escrow by Relief Defendant's counsel, shall be recorded promptly by Relief Defendant's counsel upon entry of the Final Judgment on the Court's docket in this action.

2

6.     The parties agree to cooperate with each other to effectuate the terms of the Final Judgment, including by performing any further act and executing and delivering any further document that either is required by the Final Judgment or may reasonably be necessary or desirable to effectuate the purposes of the Final Judgment.  In the event that Relief Defendant fails to effect payment to the Commission of the Stubos Settlement Amount as set forth in Section I of the Final Judgment, until such payment obligation has been satisfied, Relief Defendant shall consent to all Commission efforts to exercise its rights under the Deed of Trust, including, but not limited to, the use of one or more liquidation agents proposed by the Commission and appointed by the Court to sell the Settlement Property for fair market value.  If the Stubos Settlement Amount is paid by means other than by sale of the Settlement Property, the Commission shall, upon receiving such payment, promptly (i) file a release of the lien in the local jurisdiction in which the Deed of Trust was originally recorded such that the Deed of Trust shall be deemed to have no further force or effect and (ii) file with the Court a satisfaction of judgment as to Relief Defendant's financial obligations under the Final Judgment.

7.     Relief Defendant agrees that the Preliminary Injunction shall remain in effect until all payments due under the George Stubos Judgment and the attached Final Judgment are satisfied in full, except for and subject to the following:

(a)     Upon entry of the Final Judgment, the Preliminary Injunction shall be immediately vacated as to: (i) the Settlement Property; and (ii) all accounts with Canaccord Genuity Corp. owned by Relief Defendant (*i.e.*, the Canaccord Genuity Corp. accounts identified in the Preliminary Injunction with account numbers ending in 7AE1, 7AF1, 7AV1, 7AV2, 69A8, 69V2, 34V1, and 23A0);

(b)      After all amounts due to the Commission under the Final Judgment and the George Stubos Judgment have been satisfied, the Preliminary Injunction shall be fully vacated in all remaining respects, including but not limited to as to the residential properties in Vancouver, British Columbia, listed as the second and third items under the heading "Asset Description" in the table beginning on the third page of the Preliminary Injunction (collectively, the "Vancouver Properties"); and

(c)      At any time prior to full satisfaction of all payment obligations under the Final Judgment and the George Stubos Judgment, Relief Defendant or Defendant George Stubos may apply to the Court for an order vacating the Preliminary Injunction as to any asset listed therein, including the Vancouver Properties, or any portion thereof, to enable Relief Defendant or Defendant to liquidate such asset in order to satisfy any payment obligation under the Final Judgment or the George Stubos Judgment.  For avoidance of doubt, while Relief Defendant consents herein to the continued application of the Preliminary Injunction to the Vancouver Properties until the Final Judgment and the George Stubos Judgment are fully satisfied, the parties specifically do not address herein, and they each reserve their respective rights concerning, whether the Vancouver Properties may, without Relief Defendant's consent, be liquidated to satisfy the George Stubos Judgment in the event of a default thereunder.

8.      Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

9.      Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

10.      Relief Defendant enters into this Consent voluntarily and represents that no

4

threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant to enter into this Consent.

11.    Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

12.    Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

13.    Relief Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions.  Relief Defendant further agrees to provide counsel for the Commission, within thirty (30) days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant has received and read a copy of the Final Judgment.

14.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Relief Defendant in this civil proceeding.  Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Relief Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

15.    Relief Defendant understands and agrees to comply with the terms of 17 C.F.R. §202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or

respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Relief Defendant's agreement to comply with the terms of Section 202.5(e), Relief Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Relief Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Relief Defendant does not deny the allegations; (iii) hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Relief Defendant breaches this Consent, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Relief Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

16.     Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief Defendant to defend against this action. For these purposes, Relief Defendant agrees that Relief Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

17.     Relief Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

18.     Relief Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Preliminary Injunction and the Final Judgment, including the terms of this Consent.

Dated: 03-21-2024

_____
Dori-Ann Stubos

On   03-21   , 2024, Dori-Ann Stubos, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: PERMANENT COMMISSION

SUSHANT RAJ
NOTARY PUBLIC
FOR BRITISH COLUMBIA
202-2309 WEST 41ST AVENUE
VANCOUVER, B.C. V6M 2A3
604-263-9317

Sushant Raj
Notary Public for the Province
of British Columbia, Canada

7